HOSPITALS — RENAL DIALYSIS FACILITY — LICENSURE AS A "RELATED INSTITUTION" A renal dialysis facility that is not an integral part of a hospital is subject to licensure as a related institution for the reason that such a facility is a type of infirmary that provides limited medical care to ill persons on a temporary basis. The Attorney General has received your letter in which you request an opinion on the following issue: "Is a renal dialysis facility that is not an integral part of the hospital subject to licensure as a related institution?" Title 63 O.S. 1-702 [63-1-702](a) (1971) provides in pertinent part, as follows: "It shall be unlawful for any person to establish, operate or maintain in the State of Oklahoma any hospital or related institution without first obtaining a license therefor in the manner hereinafter provided. . . ." Title 63 O.S. 1-701 [63-1-701](b) (1971) provides as follows: "The term 'related institution' means an institution, or an industrial or other type of infirmary, providing limited medical and/or surgical care to ill or injured persons on a temporary basis." In terms of health care facilities public or private entities designated as "institutions" or "industrial or other types of infirmaries" are generally interpreted as referring to laboratories, outpatient departments, extended care facilities, self-care units, dispensaries, etc. wherein ambulatory patients are provided diagnosis or diagnosis and treatment. If such diagnostic and treatment activities are interpreted as the delivery of medical and/or surgical care provided ill or injured persons on a temporary basis, then under the terms of 63 O.S. 1-701 [63-1-701](b) (1971), the facility is within the purview of the statutory definition of a "related institution." The issue of whether or not the activities conducted involve the delivery of medical care is a question of fact to be determined by the Health Department and not a question of law to be determined by the Office of the Attorney General. However, it is evident from your opinion request, wherein you inform this office that you have determined that a dialysis facility operates under medical direction and utilizes professional registered nurses, licensed practical nurses, and a variety of specialized technicians wherein patients suffering end stage renal disease may, at scheduled intervals, come to the facility to receive lifesaving treatment through the use of a mechanical apparatus which assists the body in performing vital functions that it cannot independently perform, that you have made the determination that such treatment is a type of medical care. Since the making of this determination is within the scope of authority of the State Health Department and since renal dialysis treatment has been identified as a type of medical care, any institution or industrial or other type of infirmary which offers said medical care, i.e. renal dialysis treatment, must be licensed under 63 O.S. 1-701 [63-1-701](b) as a related institution if it does not meet the statutory definition of hospital as found in the licensing requirements of 63 O.S. 1-701 [63-1-701](1)(2) (1971). Furthermore, in Chapter 48 of 63 O.S. 2301 [63-2301] through 63 O.S. 02307 [63-02307] (1971), the Legislature vested the State Commissioner of Health with the responsibility and authority to carry out its public policy with regard to the care and treatment of those afflicted with renal disease, to wit: "It is hereby declared public policy and the intent of the Legislature that no person, afflicted with acute or chronic renal failure requiring dialysis, shall be required to devote such a portion of his income and assets for treatment as will tend to cause unjust and unusual hardships to himself and his immediate family, including, but not limited to, a drastic lowering of the standard of living." (63 O.S. 2301 [63-2301]). Among the powers granted the Commissioner of Health to assist him in establishing a program for the care and treatment of persons suffering from acute or chronic renal failure requiring dialysis is the authority to "provide for the accrediting of dialysis centers" (63 O.S. 23045 [63-23045] (1971)). It is inconceivable to think that the Legislature, in establishing the Health Commissioner's authority to license dialysis centers, was referring only to centers established by the Health Commissioner and not to facilities privately established. Any distinction between public and private dialysis centers is irrelevant with regard to licensure requirements since the same medical procedures and health care services are provided in each. In utilizing any facility, be it public or private, which holds itself out as a provider of medical care, the public has the right to be secure in the knowledge that said facilities meet protective statutory standards of licensure with regard to staffing, procedures, safety, sanitation, etc. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. A renal dialysis facility that is not an integral part of a hospital is subject to licensure as a related institution for the reason that such a facility is a type of infirmary that provides limited medical care to ill persons on a temporary basis. (AMALIJA J. HODGINS) (ksg)